Cliff Fonstein (CF-8603)
Joanne Seltzer (JS-2686)
Sidley Austin LLP
787 Seventh Avenue
New York, New York  10019
(212) 839-5300

Attorneys for Defendants
Deutsche Bank Securities, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- X

GERARD PLANT,

                Plaintiff,

         - against -

DEUTSCHE BANK SECURITIES, INC.,

              Defendant.

                     :  07 Civ. 3498 (AKH)

------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT

### SIDLEY AUSTIN LLP

ATTORNEYS FOR     Defendant
                   Deutsche Bank Securities, Inc.

787 SEVENTH AVENUE
NEW YORK, NEW YORK 10019
(212) 839-5300

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................... i

PRELIMINARY STATEMENT .......................................................................................... 1

THE COMPLAINT ............................................................................................................. 2

ARGUMENT ....................................................................................................................... 3

I.    STANDARD OF REVIEW ....................................................................................... 3

II.   PLANT'S FEDERAL CLAIMS ARISING BEFORE AUGUST 24, 2004
      SHOULD BE DISMISSED AS TIME-BARRED. ................................................... 4

III.  PLANT'S STATE CLAIMS ARISING BEFORE MAY 2, 2004 SHOULD BE
      DISMISSED AS TIME BARRED. ........................................................................... 6

CONCLUSION .................................................................................................................... 7

## TABLE OF AUTHORITIES

### CASES

Alter v. Bogoricin,
  No. 97 Civ. 0662, 1997 U.S. Dist. LEXIS 17369 (S.D.N.Y. Nov. 6, 1997) ................3

Bell Atlantic Corporation v. Twombly,
  No. 05-1126, 2007 U.S. LEXIS 5901 (May 21, 2007).............................................3-4

Conley v. Gibson,
  355 U.S. 41 (1957)..........................................................................................3-4

Delaware State College v. Ricks,
  449 U.S. 250 (1980).............................................................................................5

Greene v. Trustees of Columbia University,
  234 F. Supp. 2d 368 (S.D.N.Y. 2002).........................................................................6

Harris v. City of New York,
  186 F.3d 243 (2d Cir. 1999)...................................................................................5

Mason v. America Tobacco Co.,
  346 F.3d 36 (2d Cir. 2003)....................................................................................2

Miller v. International Telegraph & Telegraph Corp.,
  755 F.2d 20 (2d Cir. 1985), cert. denied, 474 U.S. 851 (1985) .....................................5

Quinn v. Green Tree Credit Corp.,
  159 F.3d 759 (2d Cir. 1998).................................................................................4

Farage v. Johnson McClean Tech.,
  No. o1 Civ. 4856, 2002 WL 1067824 (S.D.N.Y. May 29, 2002)..................................7

Grasso v. Chase Manhattan Bank,
  No. 01 Civ. 4371, 2002 WL 575667 (S.D.N.Y. Apr. 17, 2002)...................................4

Hourahan v. Ecuadorian Line, Inc., No. 95 Civ. 10698 (AGS), 1997 WL 2518
  (S.D.N.Y. Jan. 3, 1997).....................................................................................4

Stamelman v. Fleishman-Hillard, Inc.,
  No. 02 Civ. 8318 SAS, 2003 WL. 21782645 (S.D.N.Y. July 31, 2003) ......................3

## STATUTES

29 U.S.C. § 626(d) .................................................................................................................4

Fed. R. Civ. P. 12(b)(6)........................................................................................................1

N.Y.C.P.L.R. § 214(2) (McKinney 2006) ...........................................................................6

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR PARTIAL DISMISSAL
## OF PLAINTIFF'S COMPLAINT

Defendant, Deutsche Bank Securities Inc. ("DBSI" or the "Bank"), by its attorneys, Sidley Austin LLP, respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the time-barred allegations in Plaintiff Gerard Plant's Complaint for failure to state a claim upon which relief may be granted.

## PRELIMINARY STATEMENT

In his Complaint, Plaintiff Gerard Plant ("Plant"), a former DBSI employee, argues that DBSI discriminated against him on the basis of age, under both the Age Discrimination in Employment Act ("ADEA") and the New York State Human Rights Law ("NYSHRL"), as the result of a series of allegedly discriminatory acts dating back to March 2001. However, as more fully explained below, each of the purportedly discriminatory acts that Plant points to are time-barred under both federal and state law, except for the allegation that his termination in January 2005 was discriminatory. Under the ADEA, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the allegedly discriminatory act, and Plant did not file such a charge until June 20, 2005. Thus, any allegations of discrimination based on acts before August 24, 2004 are time-barred under the ADEA. Similarly, claims arising under the NYSHRL are governed by a three year statute of limitations, measured from the filing of the action in court, and Plant did not file the present Complaint until May 2, 2007. Accordingly, any allegations based on acts occurring before May 2, 2004 are time barred under the NYSHRL.

## THE COMPLAINT

For purposes of this motion only, DBSI will assume (as it must) the truth of the allegations contained in the Complaint, except to the extent that they are contradicted by, or inconsistent with, the documents referenced in the Complaint, or consist of legal conclusions couched as factual allegations.  Mason v. Am. Tobacco Co., 346 F.3d 36, 39 (2d Cir. 2003).

Plant alleges that he was employed by DBSI beginning in December 1996 through the date of his discharge on January 31, 2005. (Complaint, ¶ 10.)[1]  Plant further alleges that, as early as March 2001, he participated in a meeting during which his supervisors "expressed concern" with and "reacted and commented adversely" about his age.  (Complaint, ¶ 19.)  After this meeting, Plant alleges that DBSI committed the following discriminatory acts against him on the basis of his age:

| Date | Alleged Act |
| --- | --- |
| March 2001 | Plant was excluded by DBSI from involvement in activities relating to future development and planning for DBSI's prime brokerage operations and customer services. (Complaint, ¶ 20.) |
| March 2001 | Plant's suggestions and recommendations concerning improvements to and development of the prime brokerage operations and customer services were ignored by DBSI.  (Complaint, ¶ 21.) |
| January 2002 | Plant was notified that his bonus was being reduced by over 50% and, in fact, his bonus for 2001 was reduced by over 50% from the bonus paid with respect to the year 2000.  (Complaint, ¶ 22.) |
| May 2003 | DBSI transferred Plant's responsibilities for managing customer documentation functions away from Plant and to another group in DBSI and transferred one full time employee who had been reporting to Plant to the group. (Complaint, ¶ 26.) |

---

[1] A copy of Plaintiff's Complaint, filed on May 2, 2007, is attached to the Affirmation of Cliff Fonstein in Support of DBSI's Partial Motion to Dismiss (the "Fonstein Aff.") as Exhibit "A".

| September 2003 | DBSI transferred most of Plant's responsibilities for managing prime brokerage documentation functions away from Plant and to another group and transferred one full-time employee who had been reporting to Plant to the group. (Complaint, ¶ 28.) |
| March 2004 | DBSI transferred most of Plant's remaining responsibilities for prime brokerage operations and customer service away from Plant and to other areas in DBSI. (Complaint, ¶ 29.) |
| January 19, 2005 | Plant was notified by DBSI that he was being discharged and terminated from his employment. (Complaint, ¶ 33.) |

On June 20, 2005, Plant filed a Charge of Discrimination with EEOC, which, on Plant's request, issued a Notice of Right to Sue on January 29, 2007. [2]

## ARGUMENT

### I.    STANDARD OF REVIEW

In a recently decided opinion, Bell Atlantic Corporation v. Twombly, No. 05-1126, 2007 U.S. LEXIS 5901 (May 21, 2007)[3], the Supreme Court clarified the standard for a court's consideration of a Rule 12(b)(6) motion. Reversing the Second Circuit's denial of a Rule 12(b)(6) motion, the Court rejected its previous formulation of the standard for evaluating a Rule 12(b)(6) motion, set forth in Conley v. Gibson, 355 U.S. 41 (1957), that dismissal of a complaint under Rule 12(b)(6) is warranted if "it appears beyond doubt that the plaintiff can prove no set of

---

[2] While Plaintiff did not attach his EEOC Charge to his Complaint, he states in his Complaint that his Charge was "timely" filed. (Complaint, ¶ 43.) When a plaintiff fails to attach or to incorporate by reference a document that is integral to the Complaint, the Court may take that document into account in deciding a motion to dismiss. See Stamelman v. Fleishman-Hillard, Inc., No. 02 Civ. 8318 SAS, 2003 WL 21782645, at *2 (S.D.N.Y. July 31, 2003); Alter v. Bogoricin, No. 97 Civ. 0662, 1997 U.S. Dist. LEXIS 17369, at *4 (S.D.N.Y. Nov. 6, 1997). Accordingly, DBSI has attached Plaintiff's Charge of Discrimination, filed on June 14, 2005, to the Fonstein Aff. as Exhibit "B".

[3] Copies of unpublished opinions cited in this memorandum are attached hereto as Exhibit "A."

facts in support of his claim which would entitle him to relief." Id. at 45-46. Instead, the Court stressed that, to survive a Rule 12(b)(6) motion, a plaintiff must set forth factual allegations sufficient to "raise a right to relief above a speculative level." Bell Atlantic Corp., 2007 U.S. LEXIS 5901, at *21 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-36 (3d ed. 2004)). The Court concluded:

> [W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at a point of minimum expenditure of time and money by the parties and the court'.

Id. at **26-27 (citations omitted).

II.    **PLANT'S FEDERAL CLAIMS ARISING BEFORE AUGUST 24, 2004 SHOULD BE DISMISSED AS TIME-BARRED.**

All of Plant's ADEA claims arising out of events occurring before August 24, 2004 should be dismissed because he did not timely file a charge with the EEOC with respect to the claims. Under the ADEA, a charge must be filed within 180 days of the alleged unlawful employment practice, or, if the charge was initially filed with a state or local agency, within 300 days of the alleged unlawful employment practice or within 30 days after the plaintiff receives notice of the termination of the state proceedings, whichever is earlier. 29 U.S.C. § 626(d). See also Grasso v. Chase Manhattan Bank, No. 01 Civ. 4371, 2002 WL 575667, at *3 (S.D.N.Y. Apr. 17, 2002) (Hellerstein, J.). Filing a timely charge is a prerequisite to commencing an action in federal court. Hourahan v. Ecuadorian Line, Inc., No. 95 Civ. 10698 (AGS), 1997 WL 2518, at *3 (S.D.N.Y. Jan. 3, 1997) ("It is well established that when a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred.") (quotation omitted). This requirement "functions as a statute of limitations in that discriminatory incidents not timely charged before the EEOC will be time-barred upon the plaintiff's suit in the district court." Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998) (citations omitted). On June 20, 2005, Plant filed

4

a charge of age discrimination with the EEOC. Accordingly, all allegedly discriminatory incidents that occurred prior to August 24, 2004 (300 days before he filed his EEOC Charge) are time-barred. The only act of which Plant complains that allegedly occurred after August 24, 2004 (and, therefore, the only timely act) was his termination on January 31, 2005. (Complaint, ¶ 32.)

Plant's ADEA claims accrued when he "knew or had reason to know of the injury serving as the basis for his claim." Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999). The statute of limitations period in the case of employment discrimination commences when the allegedly discriminatory decision "was made and communicated" to the employee. Delaware State Coll. v. Ricks, 449 U.S. 250, 258 (1980). See also Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 22-23 (2d Cir. 1985) (limitations period began running on the day the plaintiff received oral notice from his supervisor that "he would, absent exceptional circumstances, be removed from the payroll on April 1, 1979," and not on the date he was actually removed from payroll), cert. denied, 474 U.S. 851 (1985); Grasso, 2002 WL 575667, at *3 (limitations period began running when the decision to deny plaintiff employment was made and communicated to him). Unless the employee "was prevented in some extraordinary way from exercising his rights" the 300-day period "commence[s] upon the employer's commission of the discriminatory act and [is] not tolled or delayed pending the employee's realization that the conduct was discriminatory. . . ." Miller, 755 F.2d at 24.

Here, Plant cannot make any such tolling argument. He alleges in the Complaint that during a "meeting in or about March 2001 . . . Plant's supervisors expressed concern and reacted and commented adversely toward Plant in connection with the subject of his age." (Complaint, ¶ 19.) Plant further alleges that following the meeting he was "systematically

excluded" by DBSI from any further involvement in the future development of prime brokerage. (Complaint, ¶ 20.) Thus, the time period for the filing of plaintiff's discrimination claims with respect to these allegations began in March 2001, when he knew or had reason to know of the injury giving rise to his claim. Further, in January 2002, Plant was allegedly notified by one of his supervisors who had attended the March 2001 meeting that his bonus was being reduced by over 50% from the prior year. (Complaint, ¶ 22.) Consequently, the time period began to run on Plant's bonus claim in January 2002. Plant goes on to claim that in May 2003, DBSI transferred Plant's responsibilities for managing customer documentation to a group headed by a younger employee (Complaint, ¶ 26.), and that, in September 2003, additional responsibilities were transferred away from Plant to, yet again, a younger employee (Complaint, ¶ 28.) The limitations period for these claims began to run in May 2003 and September 2003, respectively. Finally, Plant claims that, in March 2004, his duties were reduced and his role was diminished once again in favor of a much younger employee. (Complaint, ¶ 30.) Thus, the limitations period began to run on this claim in March of 2004, and this claim, along with all of Plant's other claims predating August 24, 2004, are time-barred and should be dismissed.

III.    **PLANT'S STATE CLAIMS ARISING BEFORE MAY 2, 2004 SHOULD BE DISMISSED AS TIME BARRED.**

All of Plant's claims of discriminatory treatment, with the exception of his termination in January 2005, should be dismissed as time-barred under the NYSHRL's statute of limitation. Claims arising under the NYSHRL are governed by a three-year statute of limitations, measured from the filing of the action in court. N.Y.C.P.L.R. § 214(2) (McKinney 2006); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998) (dismissing NYHRL claim brought more than three years after the alleged discriminatory acts occurred as time-barred); Greene v. Trustees of Columbia Univ., 234 F. Supp. 2d 368, 377 (S.D.N.Y. 2002)

6

(statute of limitations for discriminatory actions under the NYSHRL is three years); Farage v. Johnson McClean Tech., No. 01 Civ. 4856, 2002 WL 1067824, at *5 (S.D.N.Y. May 29, 2002) (holding that, under the NYSHRL, a plaintiff suing for discrimination must file a lawsuit within three years after the alleged unlawful practice).[4]

Plant filed his Complaint on May 2, 2007 and, thus, any claim based on alleged acts occurring before May 2, 2004 are time-barred.   Other than Plant's claim that he was discharged from his employment with DBSI on January 31, 2005, all of Plant's claims under the NYSHRL must be dismissed as time-barred.

## CONCLUSION

For the foregoing reasons, DBSI respectfully requests that the Court grant its motion for partial dismissal of Plant's Complaint and dismiss all claims brought by Plant, other than his discriminatory discharge claim, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 11, 2007

SIDLEY AUSTIN LLP

By: Cliff Fonstein
Joanne Seltzer
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Defendant
Deutsche Bank Securities, Inc.

---

[4] Although Plaintiff's Charge of Discrimination indicates his intent to simultaneously file the charge with the State Division, he sets forth no evidence in his Complaint of this filing or of any disposition by the State Division of the charge.  Absent a filing with the State Division, there was no tolling of his claims under the NYSHRL during the pendency of his charge before the EEOC.

## CERTIFICATE OF SERVICE

I, Joanne Seltzer, an attorney admitted to practice in the State of New York, and not a party to this action, state under penalty of perjury that on June 11, 2007, I caused a true and correct copy of the foregoing Memorandum of Law in Support of Defendants' Motion For Partial Dismissal of Plaintiff's Complaint to be served by hand upon the following:

> Michael Norton, Esq.
> Norton & Associates, LLC
> 551 Fifth Avenue, 27th Floor
> New York, New York 10176-2701


_____
Joanne Seltzer

NY1 6232200v.1

8