Cliff Fonstein (CF-8603)
Joanne Seltzer (JS-2686)
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Defendants
Deutsche Bank Securities Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GERARD PLANT,                                    :
                                                 :
                            Plaintiff,           :    07 Civ. 3498 (AH)
                                                 :
                 - against -                     :
                                                 :
DEUTSCHE BANK SECURITIES INC.                    :
                                                 :
                            Defendant.           :
                                                 :
                                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT**

SIDLEY AUSTIN LLP

ATTORNEYS FOR Defendant
             DEUTSCHE BANK SECURITIES INC.

787 SEVENTH AVENUE
NEW YORK, NEW YORK  10019
(212) 839-5300

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT.....................................................................................................................2

THE CONTINUING VIOLATION DOCTRINE IS NOT  APPLICABLE TO PLANT'S
DISCRIMINATION CLAIMS. .........................................................................................2

    A.    The Morgan Decision Bars a Continuing Violation Claim in this Case.................2

    B.    Plant Has Failed to Properly Plead a Continuing Violation in His EEOC
        Charge. ...................................................................................................................7

    C.    Plaintiff Cannot Establish a Pattern or Practice Claim ...........................................8

CONCLUSION.................................................................................................................12

## TABLE OF AUTHORITIES

### CASES

Bailey v. Synthes,
    295 F. Supp. 2d 344 (S.D.N.Y. 2003)............................................................................5

Blake v. Bronx Lebanon Hospital Ctr.,
    No. 02 Civ. 3827, 2003 WL 21910867 (S.D.N.Y. Aug. 11, 2003) ....................7, 8, 10

Carmellino v. District 20 of the N.Y.C. Department of Education,
    No. 03 Civ. 5942, 2004 WL 736988 (S.D.N.Y. Apr. 6, 2004)..................................4, 7

Costanzo v. USPS,
    No. 00 Civ. 5044, 2003 WL 1701998 (S.D.N.Y. Mar. 31, 2003) ................................5

DeJesus v. Starr Tech. Risks Agency, Inc.,
    No. 03 Civ. 1298, 2004 WL 2181403 (S.D.N.Y. Sept. 27, 2004)................................5

Gross v. National Broadcasting Company,
    232 F. Supp. 2d 58 (S.D.N.Y. 2002)............................................................................8

Heap v. County of Schenectady,
    214 F. Supp. 2d 263 (N.D.N.Y. 2002)..........................................................................9

Hnot v. Willis Group Holdings, Ltd.,
    No. 01 Civ. 6558, 2005 WL 831665 (S.D.N.Y. Apr. 8, 2005).....................................5

Idrees v. City of N.Y. Department of Parks & Recreation,
    No. 04 Civ. 2197, 2005 WL 1026027 (S.D.N.Y. May 3, 2005)......................... 6, 9-10

International Brotherhood of Teamsters v. U.S.,
    431 U.S. 324 (1977)......................................................................................................9

Ledbetter v. Goodyear Tire & Rubber Co., Inc.,
    127 S. Ct. 2162 (2007)..................................................................................................6

Lightfoot v. Union Carbide Corp.,
    110 F.3d 898 (2d Cir. 1997).....................................................................................4, 5

Lloyd v. Bear Stearns & Co., Inc.,
    No. 99 Civ. 3323, 2004 WL 2848536.......................................................................5, 6

Marinelli v. Chao,
    222 F. Supp. 2d 402 (S.D.N.Y. 2002)..........................................................................6

MacDonnell v. Liberty Central School District,
   115 F. App'x 489 (2d Cir. 2004)..................................................................5

Milani v. IBM,
   322 F. Supp. 2d  434 (S.D.N.Y. 2004)...................................................6, 9, 10

Miller v. International Telegraph & Telegraph Corp.,
   755 F.2d 20 (2d Cir. 1985)..........................................................................7

Mirasol v. Gutierrez,
   No. 05 Civ 6368, 2006 WL 871028 (S.D.N.Y. Apr. 5, 2006)...........................4, 6, 12

Nakis v. Potter,
   No. 01 Civ. 10047, 2004 WL 2903718 (S.D.N.Y. Dec. 15, 2004)........................ 4-5

National Railroad Passenger Corporation v. Morgan,
   526 U.S. 101 (2002)..........................................................................1, 2, 3, 4

Richards v. City of New York,
   No. 05 Civ. 1163, 2007 WL 1030294 (E.D.N.Y. Mar. 30, 2007) ...................................4

Robinson v. Metro-North Commuter R.R. Co.,,
   267 F.3d 147 (2d Cir. 2001)............................................................... 9-10, 11

Sackey v. City of New York,
   No. 04 Civ. 2775, 2006 WL 337355 (S.D.N.Y. Feb. 15, 2006) ...................................8

Sundaram v. Brookhaven National Laboratoriess,
   424 F. Supp. 2d 545 (E.D.N.Y. 2006) ..........................................................7

Timothy v. Our Lady of Mercy Medical Ctr.,
   No. 03 Civ 3556, 2004 WL 503760 (S.D.N.Y. Mar. 12, 2004) .............................6, 10

Tucker v. Gonzalez,
   No. 03 Civ. 3106, 2005 WL 2385844 (S.D.N.Y. Sept. 27, 2005).............................. 8-9

Van Zandt v. KLM Royal Dutch Airlines,
   80 F.3d 708 (2d Cir. 1996).........................................................................4

Victory v. Hewlett-Packard Co.,
   34 F. Supp. 2d 809 (E.D.N.Y. 1999) ............................................................9

Walter v. Hamburg Central Sch. District,
   No. 04 Civ. 996S, 2007 WL 1480965 (W.D.N.Y. May 18, 2007).........................4, 10

White v. Whitman,
    No. 99 Civ. 4777, 2002 WL 776589 (S.D.N.Y. Apr. 26, 2002)....................................7

## TREATISES

1 Barbara Lindemann & Paul Grossman, Employment Discrimination Law 44-47
    (3d ed. 1997) ....................................................................................................................8

## PRELIMINARY STATEMENT

In its opening brief, defendant Deutsche Bank Securities Inc. ("DBSI") demonstrated that a number of the discriminatory acts pled by plaintiff Gerard Plant are time-barred because they occurred before the 300-day charge filing period under the Age Discrimination in Employment Act ("ADEA") and the three-year complaint filing period under the New York State Human Rights Law ("NYSHRL").[1]  In his Opposition, Plant makes only one argument in an attempt to salvage his time-barred claims: he asserts that the above, strictly enforced, time limits do not apply to him because "all the incidents alleged in the Complaint were part of a continuing violation resulting from DBSI's ongoing age-conscious discriminatory policy and practices," and the fact that the culminating event, his termination, was timely, makes all prior acts timely.  (Opposition, pp. 2 & 8.)  However, Plant's attempt to save his time-barred claims, by invoking the continuing violation doctrine, is barred by the Supreme Court's decision in National Railroad Passenger Corporation v. Morgan, 526 U.S. 101 (2002).  In this decision, the Supreme Court strictly limited the application of the continuing violation doctrine to circumstances not applicable to Plant's claims.  As explained below, none of Plant's facile efforts to avoid Morgan can breathe life into his time-barred claims.  Simply put, under Morgan, untimely discrete acts of discrimination cannot be made timely simply because one act occurred within the 300-day charge filing period.

---

[1] Assuming the truth of the facts in the Complaint, as DBSI must do on a 12(b)(6) motion, the following alleged acts are time-barred under both statutes: (1) the reduction of Plant's 2001 bonus by 50%, a decision of which Plant was notified in January 2002 (Complaint, ¶ 21); (2) the transfer of Plant's responsibilities for managing customer documentation functions and one of his reports to another group in May 2003 (Complaint, ¶ 26); (3) the transfer of Plant's responsibilities for managing prime brokerage documentation functions and one of his reports to another group in September 2003 (Complaint, ¶ 28) and (4) the transfer of Plant's remaining responsibilities for prime brokerage operations and customer service to other groups in March 2004. (Complaint, ¶ 29.) In his Complaint, Plant also alleges that he was excluded from involvement in activities relating to future development and planning and that his suggestions and recommendations concerning improvements to and development of prime brokerage operations and customer service were ignored in March 2001.  (Complaint, ¶¶ 20 & 21).  DBSI does not believe that these allegations constitute actionable claims for which damages may be recovered, but, should Plant attempt to recover damages relating to these alleged acts, they too would be time-barred under the applicable limitations periods.

## ARGUMENT

## THE CONTINUING VIOLATION DOCTRINE IS NOT APPLICABLE TO PLANT'S DISCRIMINATION CLAIMS.

**A.      The *Morgan* Decision Bars a Continuing Violation Claim in this Case.**

Plant argues that the earlier, otherwise time-barred, discriminatory acts alleged in his complaint "were in furtherance of an ongoing policy of unlawful, age conscious employment discrimination" and since the culminating event, i.e., his termination, is timely, "all claims of discrimination under that ongoing policy will also be timely." (Opposition, p. 8.)  As explained below, this argument runs afoul of Morgan, where the Supreme Court specifically held that discrete discriminatory acts are not actionable if time-barred even when they are related to acts alleged in timely filed charges.

In Morgan, the plaintiff claimed that his employer, Amtrak, discriminated against him over a five year period of time, beginning with his hire, when he was made an electrician's helper rather than an electrician, continuing through a series of written warnings and a refusal to put him in a requested apprenticeship program and culminating in his termination.  526 U.S. at 106 n. 1.  Amtrak claimed that all the acts outside Title VII's 300-day charge filing period were time-barred.  Id.  The Ninth Circuit rejected Amtrak's argument, ***and using almost the exact same language Plant uses here,*** held that a plaintiff may establish a continuing violation if he shows "acts that are 'sufficiently' related to incidents that fall within the statutory period."  526 U.S. 105.  After examining the statutory language and its past precedents, the Supreme Court flatly rejected the Ninth Circuit's application of the continuing violation doctrine.[2]  Id. at 113.

---

[2] The plaintiff in Morgan relied on the Title VII statutory term "practice" as used in the phrase "unlawful employment practice," arguing that a "practice" can occur over a sustained period of time.  The Supreme Court rejected this analysis.  It concluded that the statutory language makes it clear that "practice" refers to discrete acts. As the Supreme Court explained: "There is simply no indication that the 'practice' converts related discrete acts into a single unlawful practice for purposes of timely filing."  Morgan, 536 U.S. at 110-11.

2

The Supreme Court held: "[D]iscrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges." Id. With respect to Morgan's claims, the Supreme Court held:

> Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful employment practice." Morgan can only file a charge to cover discrete acts that "occurred" within the appropriate time period. While Morgan alleged that he suffered from numerous discriminatory and retaliatory acts from the date that he was hired though March 3, 1995, the date that he was fired, only incidents that took place within the timely filing period are actionable."

Id. at 114.

The time-barred discriminatory acts asserted by Plant in his Complaint are precisely the same type of "discrete acts" that were addressed in Morgan as precluding the application of the continuing violation doctrine. The time-barred acts here, e.g., job assignments and compensation decisions, do not differ from those in Morgan, e.g., job assignments and counseling decisions, in any meaningful way. Id. at 106 n.1. Indeed, Plant does not even try to argue that the time-barred acts here are not "discrete" employment acts. Accordingly, Plant's attempt to tie all of the acts to his only actionable claim – his termination – should be rejected by this Court, just as the Supreme Court rejected similar efforts in Morgan.

Attempting to dodge Morgan's clear mandate, Plant argues that "the Court did not address the Second Circuit's test for continuing violation; much less did it overturn the continuing violation doctrine as has been developed over the years in the Second Circuit." (Opposition, p. 10.) This is not true. Morgan *significantly* changed the way the Second Circuit evaluates continuing violation claims. Even though the Second Circuit consistently expressed its

disfavor for the continuing violation theory,[3] it had recognized an exception and applied the

doctrine in cases where discrete incidents of discrimination "are specifically related and are

allowed to continue unremedied for 'so long as to amount to a discriminatory policy or

practice'." Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997) (quoting Van

Zandt v. KLM Royal Dutch Airlines, 80 F.3d 708, 713 (2d Cir. 1996)).  However, this exception,

upon which Plant heavily relies (Opposition, p. 9), was expressly rejected by Morgan.  As the

Supreme Court held, "discrete discriminatory acts are not actionable if time-barred, *even when*

*they are related to acts alleged in timely filed charges.*  Each discrete discriminatory act starts a

new clock for filing charges alleging the act." Morgan, 536 U.S. at 113.  After Morgan, the

continuing violation theory in the Second Circuit, as in all federal circuits, is no longer viable

with respect to discrete discriminatory acts such as are here alleged by Plant, regardless of

whether they are related or not.  See Walter v. Hamburg Cent. Sch. Dist., No. 04 Civ. 996S, 2007

WL 1480965, at *5 (W.D.N.Y. May 18, 2007).[4]

        This sea-change in the evaluation of continuous violation claims has been

extensively recognized by courts in this Circuit.  See, e.g., Richards v. City of New York, No. 05

Civ. 1163, 2007 WL 1030294 (E.D.N.Y. Mar. 30, 2007) ("[T]he scope of the continuing

violation doctrine was substantially restricted by the Supreme Court decision in [Morgan].");

Mirasol v. Gutierrez, No. 05 Civ. 6368, 2006 WL 871028, at *4 (S.D.N.Y. Apr. 5, 2006)

(recognizing Morgan's further limitation of the circumstances under which the continuing

violation doctrine may save an otherwise time-barred claim); Nakis v. Potter, No. 01 Civ. 10047,

---

[3] See Nakis v. Potter, No. 01 Civ. 10047, 2004 WL 2903718, at *10 n.2 (S.D.N.Y. Dec. 15, 2004) (citing cases
supporting proposition that even before Morgan the continuing violation doctrine was disfavored in the Second
Circuit); Carmellino v. Dist. 20 of the N.Y.C. Dep't of Educ., No. 03 Civ. 5942, 2004 WL 736988, at *12 (S.D.N.Y.
Apr. 6, 2004) ("The Courts of this Circuit have generally been loath to invoke the continuing violation doctrine and
will apply it only upon a showing of 'compelling circumstances') (citations omitted).
[4] Copies of unpublished cases are attached to the Appendix of Cases submitted with this motion.

2004 WL 2903718, at *10 (S.D.N.Y. Dec. 15, 2004) (commenting that the scope of the continuing violation doctrine, which previously permitted recovery for untimely claims if the conduct was part of a "practice or policy of discrimination" was 'substantially restricted' by Morgan"); Lloyd v. Bear Stearns & Co., Inc., No. 99 Civ. 3323, 2004 WL 2848536, at *5 (S.D.N.Y. Dec. 9, 2004) (acknowledging the Supreme Court's clarification "that discrete discriminatory acts are not actionable if time-barred even when they are related to acts alleged in timely filed charges").

　　　　Significantly, under the new Morgan standards (and even under the standards existing before Morgan), courts in this Circuit have consistently found that the actions purportedly taken by DBSI – the transfer of Plant's responsibilities and personnel to other groups and the 50% reduction of his bonus – are discrete acts that cannot be revived by the continuing violation doctrine.  See MacDonnell v. Liberty Cent. Sch. Dist., 115 F. App'x 489, 491 (2d Cir. 2004) (concluding that a change in job responsibilities is a "discrete discriminatory act" that does not constitute a continuing violation); DeJesus v. Starr Tech. Risks Agency, Inc., No. 03 Civ. 1298, 2004 WL 2181403, at *6 (S.D.N.Y. Sept. 27, 2004) ("Completed acts or discrete incidents such as . . . discontinuance of a job assignment . . . are not acts of a continuing nature"); Bailey v. Synthes, 295 F. Supp. 2d 344, 354 (S.D.N.Y. 2003) (finding that both the defendant's transfer of one of the plaintiff's territories and the removal of two hospitals from her accounts were discrete acts which could not be rendered timely by the continuing violation doctrine); Costanzo v. USPS, No. 00 Civ. 5044, 2003 WL 1701998, at *5 (S.D.N.Y. Mar. 31, 2003) (citing pre-Morgan cases holding that a discontinuance of a particular job assignment is not an act of a "continuing nature") (citing Lightfoot, 110 F.3d at 907);  see also Hnot v. Willis Group Holdings, Ltd., No. 01 Civ. 6558, 2005 WL 831665, at *4 (S.D.N.Y. Apr. 8, 2005) (holding that plaintiff's claim of

pay disparity was a "discrete act" under the Morgan framework); Milani v. IBM, 322 F. Supp. 2d

434, 453 (S.D.N.Y. 2004) (holding a claim for failure to compensate adequately to be a discrete

act for the purpose of a continuing violation analysis); Lloyd, 2004 WL 2848536, at *6

(determining that disparate pay claim was a discrete act); Marinelli v. Chao, 222 F. Supp. 2d

402, 413-14 (S.D.N.Y. 2002) (finding the award of a low bonus to be a discrete act for the

purpose of a continuing violation analysis).  In short, Plant is pleading the very same purportedly

discriminatory actions that the Second Circuit, both pre and post Morgan, has deemed to be

"discrete acts" and which did not then and do not now invoke the continuing violation theory. [5]

In his Opposition, Plant intimates that his continuing violation claim should be

allowed to survive under the generous standards of Rule 12(b)(6). (Opposition, pp. 10-11.)

Claims like Plant's, however, based on one-time discrete decisions, are routinely dismissed on

the pleadings as time-barred by courts that find the continuing violation to be inapplicable.

Mirasol v. Gutierrez, No. 05 Civ. 6368, 2006 WL 871028, at *5 (S.D.N.Y. Apr. 5, 2006)

("[C]ourts in this circuit have granted motions to dismiss for failure to state a claim, where . . .

plaintiff's sole basis for application of the continuing violation doctrine is the conclusory

allegation that the acts were a pattern."); Idrees v. City of N.Y. Dep't of Parks & Recreation, No.

04 Civ. 2197, 2005 WL 1026027, at *7 (S.D.N.Y. May 3, 2005) (granting motion on the

pleadings where the plaintiff "made only conclusory allegations that his treatment was the result

of a systematic discriminatory policy"); Timothy v. Our Lady of Mercy Med. Ctr., No. 03 Civ.

3556, 2004 WL 503760, at *3 (S.D.N.Y. Mar. 12, 2004) (granting motion to dismiss in part and

noting discrete acts may not be converted into a pattern or practice by "merely invoking those

---

[5] In the recently-decided Ledbetter v. Goodyear Tire & Rubber Co., Inc., 127 S. Ct. 2162 (2007), the Supreme Court reinforced the premise that untimely claims of discriminatory pay-setting decisions, like the alleged decision to cut Plant's bonus by 50%, are discrete acts that occur at a particular point in time, and, as such, cannot be salvaged by appeal to the continuing violation theory. Id. at 2177.

words"); <u>Blake v. Bronx Lebanon Hosp. Ctr.</u>, No. 02 Civ. 3827, 2003 WL 21910867, at *7

(S.D.N.Y. Aug. 11, 2003) (granting partial motion to dismiss time-barred claims under Rule

12(b)(6)).

        In sum, Plant's time-barred allegations, that DBSI transferred his responsibilities

and personnel to other departments in May and September of 2003 and March of 2004, and

reduced his 2001 bonus by 50% are discrete acts and, under <u>Morgan</u> and its progeny, cannot be

rendered viable under the continuing violation doctrine.

**B.**    **<u>Plant Has Failed to Properly Plead a Continuing Violation in His EEOC Charge.</u>**

        Even if the continuing violation theory were applicable to Plant's time-barred

claims (that is, if <u>Morgan</u> had never been decided), Plant has failed to satisfy the administrative

prerequisite to pleading a continuing violation theory – the assertion of that theory in his charge

before the EEOC. "A continuing violation must be 'clearly asserted both in the EEOC filing and

in the complaint.'" <u>Carmellino</u>, 2004 WL 736988, at *13 (quoting <u>Miller v. Int'l Tel. & Tel.</u>

<u>Corp.</u>, 755 F.2d 20, 25 (2d Cir. 1985); <u>see</u> <u>also</u> <u>Sundaram v. Brookhaven Nat'l Labs.</u>, 424 F.

Supp. 2d 545, 561 (E.D.N.Y. 2006) (concluding that the continuing violation theory could not

salvage the plaintiff's time-barred claims because she failed to plead the theory in her EEOC

charge); <u>White v. Whitman</u>, No. 99 Civ. 4777, 2002 WL 776589, at *16 (S.D.N.Y. Apr. 26,

2002) (discounting continuing violation theory where it was not raised in the EEOC complaints).

No assertion (or even mention) of a continuing violation appear anywhere in Plant's EEOC

Charge.[6] The EEOC Charge limits itself to setting forth a narrative of the underlying events

(Charge, ¶¶ 1-14) and alleging "discriminatory actions" specific to him. (Charge, ¶ 15-38).

Nowhere in the charge do the two words "continuing violation" appear. On this basis alone, the

---

[6] A copy of the EEOC Charge is attached to the Fonstein Aff. as Exhibit B.

Court should refuse to allow Plant to salvage his stale claims under the continuing violation theory.[7]

**C.    Plaintiff Cannot Establish a Pattern or Practice Claim**

      In a final attempt to salvage his time-barred claims, Plant makes a cursory reference to a supposed open issue after Morgan – whether a continuing violation theory is still applicable to those unique cases where plaintiffs plead a special "pattern or practice" claim. (Opposition, p. 11.)  Pattern or practice cases refer to a particular way in which plaintiffs may prove disparate treatment in multi-plaintiff litigation, and these types of cases have their own unique burden of proof and their own unique way of being tried. See 1 Barbara Lindemann & Paul Grossman, Employment Discrimination Law 44-47 (3d ed. 1997).  For several reasons, the Court should refuse to countenance Plant's last-minute attempt at reviving his untimely claims by recasting his case as a pattern and practice case. [8]

      First, courts in this Circuit have consistently rejected the argument that an individual, like Plant, could ever maintain a pattern or practice claim except through a class action. See Sackey v. City of N.Y., No. 04 Civ. 2775, 2006 WL 337355, at *5 (S.D.N.Y. Feb. 15, 2006) ("It is also doubtful that a pattern or practice claim is valid outside the class action context."); Tucker v. Gonzalez, No. 03 Civ. 3106, 2005 WL 2385844, at *4 (S.D.N.Y. Sept. 27, 2005) (citing cases of courts that have held that private, non-class pattern or practice claims are

---

[7] In addition to failing to plead a continuing violation in his EEOC charge, which is, by itself, fatal to his claim, Plant similarly fails to plead such theory in his Complaint, choosing to raise it, for the first time, in his Opposition.

[8] The only case Plant cites for the notion that somehow his stale claims would survive if his claim were a proper pattern or practice claim is Gross v. National Broadcasting Company, 232 F. Supp. 2d 58 (S.D.N.Y. 2002) and a case that cites Gross, Blake v. Bronx Lebanon Hospitals, 2003 WL 21910867 at *5 (S.D.N.Y. 2003). While Gross says Morgan did not address the applicability of a continuing violation to pattern or practice claims, it left no doubt that it thought the import of Morgan was to limit its applicability even to pattern or practice claims. Gross noted: "The Court did make clear, however, that there is no indication that the term 'practice' as used in Title VII 'converts related discrete acts into a single unlawful practice for purposes of timely filing.'" Gross, 232 F. Supp. 2d at 68 (quoting Morgan at 122 S. Ct 2071). Indeed, Gross held that alleged failures to compensate adequately, transfers, and job assignments – similar to Plant's stale claims here – cannot form the basis for a continuing violation claim. Id. at 69.

inappropriate); Milani, 322 F. Supp. 2d at 453 n.34 ("It is by no means clear that a private

plaintiff can even bring a 'pattern or practice' claim in a non-class action complaint."); Blake,

2003 WL 2190867, at *5 ("Indeed, the court doubts that a plaintiff can bring a 'pattern or

practice' claim in a non-class action complaint."); Heap v. County of Schenectady, 214 F. Supp.

2d 263, 272 (N.D.N.Y. 2002) (dismissing individual plaintiff's pattern or practice claim as

improper); Victory v. Hewlett-Packard Co., 34 F. Supp. 2d 809, 821 (E.D.N.Y. 1999)

(concurring that a pattern or practice claim is limited to class actions).  This view is clearly

correct, because it is only through the class action device that an individual can obtain standing

to represent the rights and to seek relief on behalf of others.  Here, Plant does not bring forth his

claims as a representative of a larger class, but rather seeks individual recovery for alleged

discriminatory acts by DBSI against himself.  As such, his invocation of "pattern or practice" in

his opposition brief should be rejected by the Court.

        Second, in his Complaint, Plant has not alleged and cannot properly allege a

pattern or practice case.[9]  As Congress explained:

> [A] pattern or practice would be present only where the denial of
> rights consists of something more than an isolated, sporadic
> incident, but is repeated, routine or of a generalized nature . . . The
> point is that single, insignificant, isolated acts of discrimination by
> a single business would not justify a finding of a pattern or practice
> . . .

Int'l Brotherhood of Teamsters v. U.S., 431 U.S. 324, 336 n. 16 (1977) (citing 110

Cong. Rec. 14270 (1964)).

        A pattern or practice claim cannot be based on sporadic acts of discrimination, but

requires a specific showing that intentional discrimination was defendant's "standard operating

procedure."  Idrees, 2005 WL 1026027, at *6 (quoting Robinson v. Metro-North Commuter R.R.

---

[9] The Complaint does not even use the term "pattern or practice."

Co., 267 F.3d 147 (2d Cir. 2001)); see also Walter, 2007 WL 1480965, * at 6. "Generalized

allegations that discrete discriminatory acts constitute a pattern or practice of unlawful

discrimination are insufficient." Idrees, 2005 WL 1026027, at *6. A plaintiff "may not . . .

convert discrete acts into a pattern or practice merely by invoking these words." Milani, 322

F. Supp. 2d at 453. Pattern or practice claims involve multiple incidents of discrimination

against individuals in a particular class arising from a discriminatory policy or mechanism, such

as a seniority system or an employment test. Blake, 2003 WL 2190867, at *5 (motion to dismiss

granted where plaintiff did not properly allege "an ongoing discriminatory policy simply by

invoking the magic words 'pattern' or 'practice'"); see also Timothy, 2004 WL 503760, at *3

(granting motion to dismiss in part and noting discrete acts may not be converted into a pattern

or practice by "merely invoking those words"). In Blake, for example, the plaintiff, like Plant

here, tried to use a pattern or practice theory to bolster his continuing violation argument to save

his time-barred claims. While the plaintiff in Blake used generalized language in his complaint

that alleged the employer maintained a racially disparate salary structure, and assigned white

employees to higher status jobs than black employees, and while the complaint in Blake

"dec[ried] the systemic nature of the alleged discriminating conduct," Id. at *2, the Court

rejected the plaintiff's use of the pattern or practice theory to save his individual time-barred

claims. In particular, in granting the employer's Rule 12(b)(6) motion and holding plaintiff's

claims to be time-barred, the Court noted: "While plaintiff uses the words 'pattern or practice'

of discrimination in its complaint, the court is not convinced that plaintiff has truly pleaded a

'pattern or practice' claim. . . . [A] plaintiff does not properly allege an ongoing discriminating

policy simply by invoking the magic words 'pattern' or 'practice'."

In short, in order to properly plead a pattern or practice claim, Plant must do more than simply allege in conclusory fashion that a discriminatory practice existed at DBSI; he must set forth facts, either through statistical evidence or, at the very least, by identifying other workers who were affected by the same discriminatory practice. Robinson, 267 F.3d at 158. In his Complaint, however, Plant only sets forth individual acts of alleged discrimination against himself. As in Blake, Idrees and Timothy, where the courts dismissed time-barred claims under Rule 12(b)(6) in face of plaintiffs' efforts to preserve those claims by arguing pattern or practice, the only allegations in Plant's complaint that even hint at a broader discriminatory practice are generalized allegations that only attempt to place Plant's *individual* termination within the larger context of the Bank's alleged goal of aiming its reductions in force disproportionately at older workers. (Complaint, ¶¶ 37-39.) Tellingly, each of these general allegations about the Bank's reduction-in-force are based "upon information and belief." Id. Nowhere in Plant's Complaint is there any factual substantiation of a practice of discrimination that affected anyone other than himself. Moreover and significantly, Plant does not even attempt to place his time-barred claims within any broader practice. When describing those claims, Plant stresses that they were motivated by discriminatory animus aimed *solely at him*. The reduction of his 2001 discretionary bonus in January 2002, and the transfer of his duties in May and September of 2003 and in March 2004 to purportedly younger employees, were all individually pled as "unlawful age-bias and discrimination *against Plaintiff*." (Complaint, at ¶¶ 23-25, 27, 30, 36.) (emphasis added).[10] Thus, Plant's failure to even minimally plead evidence of a systemic policy or practice is fatal to any argument that his Complaint is really a pattern or practice claim, and,

---

[10] See, e.g., ¶ 20 ("*Plaintiff was* deliberately and systematically excluded by Defendant); ¶ 21 ("any and all suggestions and recommendations made *by Plaintiff* . . . were ignored"); ¶ 22 ("*Plaintiff's bonus* was being reduced by over 50%); and ¶¶ 23-25, 27 and 30 (each paragraph describing incidents supposedly resulting from "Defendant's unlawful discriminatory bias and prejudice *against Plaintiff* based upon and due to *his* age") (emphasis added).

therefore, his stale claims are timely. See Mirasol, 2006 WL 871028, at *5 (granting employer's

motion to dismiss plaintiff's pattern or practice claim where plaintiff's complaint failed to allege

that her non-promotions were "connected by anything specific").[11]

      Accordingly, Plant cannot revive his time-barred claims by a drafting trick, trying

to reinvent his individual discrimination claim as a pattern and practice claim.

### CONCLUSION

      For the foregoing reasons, DBSI respectfully requests that the Court grant its

motion for partial dismissal of Plant's Complaint and dismiss all claims brought by Plant, other

than his discriminatory discharge claim, together with such other and further relief as the Court

may deem just and proper.

Dated: New York, New York
     July 2, 2007

                     SIDLEY AUSTIN LLP

By: _____
       Cliff Fonstein
       Joanne Seltzer
       787 Seventh Avenue
       New York, New York 10019
       (212) 839-5300

       Attorneys for Defendant
       Deutsche Bank Securities Inc.

---

[11] In Mirasol, the Court noted that through summary judgment and on motions to dismiss, the courts in the Second Circuit "have consistently rejected attempts to save otherwise time-barred claims by conclusory allegations that a series of related discrete acts constituted a pattern or practice." Id. at *4. The Court further noted, "Morgan's holding that discrete acts 'are not actionable if time barred, even when they are related to acts alleged in timely filed charges' will have no force if a plaintiff can avoid the statute of limitations simply by reframing in a conclusory manner an otherwise time-barred cause of action as a pattern or practice claim." Id. at *5.

## CERTIFICATE OF SERVICE

I, Joanne Seltzer, an attorney admitted to practice in the State of New York, and not a

party to this action, state under penalty of perjury that on July 2, 2007, I caused a true and correct

copy of the foregoing Reply Memorandum of Law in Further Support of Defendants' Motion For

Partial Dismissal of Plaintiff's Complaint to be served by hand upon the following:

> Michael Norton, Esq.
> Norton & Associates, LLC
> 551 Fifth Avenue, 27th Floor
> New York, New York 10176-2701

_Joanne Seltzer_

Joanne Seltzer

NY1 6258833v.3