Cliff Fonstein
Joanne Seltzer
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Attorneys for Defendant
Deutsche Bank Securities Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

GERARD PLANT,                           :   No. 07 Civ. 3498 (AKH)
                                        :
                Plaintiff,              :   **ANSWER**
                                        :
        - against -                     :
                                        :
DEUTSCHE BANK SECURITIES INC.           :
                                        :
                Defendant.              :
---------------------------------------------------------------- X

        Defendant Deutsche Bank Securities Inc. ("DBSI"), by its attorneys, Sidley Austin LLP, as and for its Answer to Plaintiff's Complaint (the "Complaint") herein, states as follows:

        1.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint.

        2.    Denies the allegations contained in Paragraph 2 of the Complaint except avers that DBSI is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 60 Wall Street, New York, New York 10005.

        3.    Denies the allegations contained in Paragraph 3 of the Complaint, except avers that Plaintiff was employed by DBSI for the period commencing in or about March of 1998 through and including January 31, 2005.

4. Admits the allegations contained in Paragraph 4 of the Complaint.

5. Admits the allegations contained in Paragraph 5 of the Complaint.

6. States that the allegations contained in Paragraph 6 of the Complaint constitute legal conclusions as to which no response is required.

7. Admits the allegations contained in Paragraph 7 of the Complaint.

8. States that the allegations contained in Paragraph 8 of the Complaint constitute legal conclusions as to which no response is required.

9. States that the allegations contained in Paragraph 9 of the Complaint constitute legal conclusions as to which no response is required.

10. Denies the allegations contained in Paragraph 10 of the Complaint, except avers that, during the period of March of 1998 to January 31, 2005, Plaintiff was employed as and held the title of Vice President for DBSI.

11. Denies the allegations contained in Paragraph 11 of the Complaint, except avers that, during the years of his employment with DBSI, Plaintiff held a supervisory position in or with the prime brokerage business group.

12. Denies the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint relating to Plaintiff's work experience outside of his employment with DBSI, and denies all other allegations contained in said Paragraph, except avers that, during the course of his employment with DBSI, Plaintiff worked in or with the prime brokerage business group.

14. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint relating to Plaintiff's work experience

outside of his employment with DBSI, and denies all other allegations contained in said Paragraph, excepts avers that Plaintiff worked in or with the prime brokerage business group from in or about 1998 through 2000.

15. Denies the allegations contained in Paragraph 15 of the Complaint except avers that, during his employment with DBSI, Plaintiff was primarily responsible for document processing, which included tracking sales and new accounts.

16. Denies the allegations contained in Paragraph 16 of the Complaint, except avers that Plaintiff worked in DBSI's prime brokerage business group in or about 2001.

17. Denies the allegations contained in Paragraph 17 of the Complaint, except avers that a meeting took place in or about March 2001, attended by Plaintiff and his two supervisors, wherein plans for improvements to Plaintiff's operational areas were discussed.

18. Denies the allegations contained in Paragraph 18 of the Complaint, except avers that a meeting took place in or about March 2001, attended by Plaintiff and his supervisors, wherein plans for improvements to Plaintiff's operational areas were discussed.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

20. Denies the allegations contained in Paragraph 20 of the Complaint.

21. Denies the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint, except avers that Plaintiff's 2001 discretionary bonus was approximately $53,256.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint, except avers that, in 2003 and 2004, DBSI transferred certain document processing functions, which Plaintiff supervised, to other groups performing similar functions.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies the allegations contained in Paragraph 28 of the Complaint, except avers that, in 2003 and 2004, DBSI transferred certain document processing functions, which Plaintiff supervised, to other groups performing similar functions.

29. Denies the allegations contained in Paragraph 29 of the Complaint, except avers that, in 2003 and 2004, DBSI transferred certain document processing functions, which Plaintiff supervised, to other groups performing similar functions.

30. Denies the allegations contained in Paragraph 30 of the Complaint.

31. Denies the allegations contained in Paragraph 31 of the Complaint.

32. Denies the allegations contained in Paragraph 32 of the Complaint, except admits that Plaintiff was notified, on or about January 19, 2005, of the termination of his employment, and avers that Plaintiff's termination was the result of a reduction in force.

33. Denies the allegations contained in Paragraph 33 of the Complaint, except avers that, on or about January 19, 2005, Plaintiff received notice of his termination, which was effective January 31, 2005 and which designated his last day on the premises to be January 19, 2005.

34. Denies the allegations contained in Paragraph 34 of the Complaint.

35. Denies the allegations contained in Paragraph 35 of the Complaint, except avers that the effective date of Plaintiff's termination was January 31, 2005.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

37. Denies the allegations contained in Paragraph 37 of the Complaint, except avers that Plaintiff's termination was part of a reduction in force.

38. Denies the allegations contained in Paragraph 38 of the Complaint.

39. Denies the allegations contained in Paragraph 39 of the Complaint.

40. Denies the allegations contained in Paragraph 40 of the Complaint, except admits that, at the relevant time, Anshu Jain was Head of Global Markets and a member of the Deutsche Group Executive Committee and that he was quoted in an interview conducted by the Wharton Journal in or about October 2001. To the extent that Paragraph 40 of the Complaint purports to paraphrase or interpret a document, Defendant respectfully refers the Court to the document for its contents.

41. Denies the allegations contained in Paragraph 41 of the Complaint. To the extent that Paragraph 41 of the Complaint purports to paraphrase or interpret a document, Defendant respectfully refers the Court to the document for its contents.

42. Denies the allegations contained in Paragraph 42 of the Complaint except avers that Anshu Jain held the position of Head of Global Markets in or about January 31, 2005.

43. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Complaint, except avers that DBSI received a Notice of Right to Sue in the form attached as Exhibit A to the Complaint.

## ANSWER TO THE FIRST CAUSE OF ACTION

44. Responding to Paragraph 44 of the Complaint, repeats and realleges its answers to Paragraphs 1 through 43, as if fully set forth herein.

45. Denies the allegations contained in Paragraph 45 of the Complaint.

46. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 46 of the Complaint.

47. Denies the allegations contained in Paragraph 47 of the Complaint.

## ANSWER TO THE SECOND CAUSE OF ACTION

48. Responding to Paragraph 48 of the Complaint, repeats and realleges its answers to Paragraphs 1 through 47, as if fully set forth herein.

49. Denies the allegations contained in Paragraph 49 of the Complaint.

50. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 50 of the Complaint.

51. Denies the allegations contained in Paragraph 51 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

All claims raised, all allegations made and all causes of action asserted in the Complaint against DBSI fail to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed because, at all times relevant hereto, DBSI acted in good faith and did not violate any right that may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

## THIRD AFFIRMATIVE DEFENSE

Any and all actions taken by DBSI with regard to Plaintiff were based on legitimate, nondiscriminatory business reasons, unrelated to Plaintiff's age.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because of his failure to mitigate his purported damages.

### FIFTH AFFIRMATIVE DEFENSE

Assuming, arguendo, while vigorously denying, that DBSI injured Plaintiff, Plaintiff has not demonstrated and cannot demonstrate facts sufficient to warrant compensatory, punitive or exemplary damages.

### SIXTH AFFIRMATIVE DEFENSE

Assuming, arguendo, while vigorously denying, that DBSI engaged in any unlawful conduct in relation to Plaintiff's employment, DBSI still would have engaged in the same course of conduct for legitimate, non-discriminatory reasons.

### SEVENTH AFFIRMATIVE DEFENSE

The causes of action alleged or alluded to in the Complaint are "frivolous, unreasonable and groundless," within the meaning of Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978), and, accordingly, DBSI should recover all costs and attorneys' fees incurred in defending this action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

DBSI has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available. DBSI reserves the right to assert additional separate defenses in the event discovery indicates, or DBSI otherwise becomes aware, that additional defenses would be appropriate.

WHEREFORE, Defendant DBSI respectfully requests the Court enter a judgment:

(1) dismissing the Complaint in its entirety with prejudice against Plaintiff;

(2) awarding DBSI its costs, expenses and attorneys' fees incurred in defending this action; and

(3) granting such other and further relief as the Court deems just and proper.

Dated: August 7, 2007

                        SIDLEY AUSTIN LLP

                        By: _____
                             Cliff Fonstein
                             Joanne Seltzer
                             787 Seventh Avenue
                             New York, New York 10019
                             (212) 839-5300

                        Attorneys for Defendant
                        Deutsche Bank Securities Inc.

## CERTIFICATE OF SERVICE

I, Joanne Seltzer, an attorney admitted to practice in the State of New York, and not a party to this action, state under penalty of perjury that on August 7, 2007, I caused a true and correct copy of the foregoing Answer to be served by hand upon the following:

>Michael Norton, Esq.
>Norton & Associates, LLC
>551 Fifth Avenue, 27th Floor
>New York, New York 10176-2701

_/s/ Joanne Seltzer_
Joanne Seltzer